UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE JOSEPH JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-cv-03062 (RBW) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will (1) grant in part, deny without prejudice in part, and deny in part the defendants' motion to dismiss or alternatively for summary judgment, and (2) grant the plaintiff's motion for discovery with respect to his surviving claims.  Accordingly, it is hereby

**ORDERED** that Defendants District of Columbia, Chaplain Jimmie Allen, and Reverend Samuel Whittaker's Motion to Dismiss the Complaint, or in the Alternative, for Partial Summary Judgment, ECF No. 45, is **GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART, AND DENIED IN PART**.  It is further

**ORDERED** that the plaintiff's Opposition to Defendants' Motion to Dismiss / Motion for Summary Judgment or, in the Alternative, Motion for Discovery Under Rule 56(d), ECF No. 48, is **GRANTED**.  More specifically, the plaintiff's motion for discovery under Rule 56(d) is **GRANTED** as to the claims that survive dismissal.  It is further

**ORDERED** that the Clerk of the Court shall forthwith mail a copy of this Order to the plaintiff's address of record.  It is further

1

**ORDERED** that this is not a final Order subject to appeal.[1]

**SO ORDERED** this 29th day of September, 2023.

REGGIE B. WALTON
United States District Judge

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291 (2018). See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").